IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ALEX ADAMS #1181239 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv177 |
| DIRECTOR BOBBY LUMPKIN, et al. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Alex Adams, an inmate of the Coffield Unit of the Texas Department of Criminal Justice (TDCJ) proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights in prison. The case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

**I. Plaintiff's Allegations**

Plaintiff alleges that the water in his cell and three nearby cells was turned off on April 26, 2022. (Dkt. #1 at 4.) On April 27, 2022, he was escorted down the hall in his boxer shorts to another concrete cell, where temperatures in the morning were cold, and he stayed for "almost ½ the work day" with no toilet paper. (*Id.*) On the way to the temporary cell assignment, he passed male and female staff as well as "several inmates who commented on [his] body," which he characterizes as being "sexually and mentally harass[ed]." (*Id.*) He claims the conditions described deprived him of his civil rights and "human pride." (*Id.*)

Plaintiff sues a Major Ragsdale for "neglect[ing] duty by violating civil and human right." (*Id.* at 3.) He also sues TDCJ Director Bobby Lumpkin, Warden Garcia, Warden Pope, and Warden Delapp for "neglect[ing] duty by not acting on report of civil & human rights violation." (*Id.*) He

seeks unspecified money damages for pain and suffering, "charges to be press for violation," and "criminal justice reform." (*Id.* at 4.)

## II. Legal Standards and Preliminary Screening

Plaintiff is a prisoner seeking redress from officers or employees of a governmental entity, so his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Plaintiff is proceeding *in forma pauperis*, so his complaint is also subject to screening under section 1915(e)(2). Both statutes provide for *sua sponte* dismissal of a complaint—or any portion thereof—if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id*. (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). In other words, during the initial screening under section 1915A, a court may determine that a prisoner's complaint is frivolous if it rests upon delusional scenarios or baseless facts—and dismiss the complaint. *See Henry v. Kerr County, Texas*, 2016 WL 2344231 *3 (W.D. Tex. May 2, 2016) ("A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict them.") (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is not akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

All well-pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.*

A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their

own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

### III. Discussion and Analysis

Confinement in prison is a form of punishment subject to scrutiny under the Eighth Amendment to the United States Constitution, which prohibits cruel and unusual punishment. *See Rhodes v. Chapman*, 452 U.S. 337, 345 (1981). The Supreme Court has repeatedly stressed that prison conditions that are "restrictive or even harsh . . . are part of the penalty that criminal offenders pay for their offenses against society." *Id.* at 347. Thus, the Eighth Amendment "'does not mandate comfortable prisons,' but neither does it permit inhumane ones." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted).

To plead an Eighth Amendment violation based on the conditions of an inmate's confinement, a plaintiff must allege conditions that objectively "pos[e] a substantial risk of serious harm." *Id.* at 834. "The objective component of an Eighth Amendment claim is . . . contextual and responsive to 'contemporary standards of decency.'" *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (citation omitted). Only "extreme deprivations" satisfy this standard. *Davis v. Scott*, 157 F.3d 1003, 1006 (5th Cir. 1998). The prison condition in question must "be so serious as to deprive prisoners of the minimal civilized measure of life's necessities, as when it denies the prisoner some basic human need." *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995) (quotation marks and footnote omitted). When evaluating an alleged Eighth Amendment violation, "the length of confinement cannot be ignored. . . . A filthy, overcrowded cell . . . might be tolerable for a few days and intolerably cruel for weeks or months." *Hutto v. Finney*, 437 U.S. 678, 686–87 (1978).

A prisoner bringing an Eighth Amendment claim based on conditions of confinement must also allege facts showing that prison officials were subjectively deliberately indifferent to his health or safety. *Id.*; *see also Ball v. LeBlanc*, 792 F.3d 584, 592 (5th Cir. 2015) (summarizing objective and subjective prongs of an Eighth Amendment violation). The deliberate indifference required to state an Eighth Amendment claim "is an extremely high standard to meet," *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001), and prison officials act with such indifference only if they know an inmate faces a substantial risk of serious harm and they disregard that risk by failing to take reasonable measures to alleviate it. *See Farmer*, 511 U.S. at 837. Thus, the prison official "must both be aware of the facts from which the inference could be drawn that substantial risk of serious harm exists, and he must also draw the inference." *Id.*

The Fifth Circuit has held that a prisoner satisfies the objective prong of this standard by alleging a "seventeen-hour outdoor confinement" in short sleeves in temperatures dropping below 59 degrees, during which there was "a complete deprivation of toilets for scores of inmates confined in the same small area," requiring the plaintiff "to urinate and defecate in the confined area that he shared with forty-eight other inmates." *Palmer v. Johnson*, 193 F.3d 346, 352 (5th Cir. 1999). Similarly, the Supreme Court has held that it is clearly established that confining an inmate in the nude for six days in "shockingly unsanitary" conditions that prevented him from relieving himself for more than 24 hours and required him to sleep in raw sewage violates the Eighth Amendment. *Taylor v. Riojas*, 141 S. Ct. 52, 53–54 (2020).

Plaintiff's confinement in an indoor cell for a matter of a few hours—less than half of a work day—in his underwear and without toilet paper does not rise to that standard. The totality of the circumstances he alleges and their brief duration simply do not constitute cruel and unusual

5

punishment. *See James v. LeBlanc*, No. 09-CV-1592, 2011 WL 6842516, at *6–7 (W.D. La. Nov. 16, 2011), *report and recommendation adopted*, No. 09-CV-1592, 2011 WL 6842512 (W.D. La. Dec. 29, 2011) (no Eighth Amendment violation where inmate wearing only paper gown was confined for 24 hours in a "strip cell" with a concrete bunk and no toilet paper).

Nor does the fact that someone verbally taunted or harassed Plaintiff as he walked through the hall in his underwear establish any constitutional violation. Verbal harassment does not, without more, violate an inmate's constitutional rights. *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983) ("Mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations.").

Accordingly, none of the conditions Plaintiff describes are sufficiently severe to satisfy the objective prong of an Eighth Amendment violation. But even if they were, Plaintiff would still not state a claim against most of the Defendants named in his complaint. He alleges that Defendants Lumpkin, Garcia, Pope, and Delapp all failed to act on a "report" of the alleged violations after they occurred. (Dkt. #1 at 3.) But a plaintiff in a civil rights case must demonstrate the personal involvement of a defendant to establish his liability under Section 1983. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action."); *Thompson v. Crnkovich*, No. 1:16-CV-055-BL, 2017 WL 5514519, at *2 (N.D. Tex. Nov. 16, 2017) ("Without personal involvement or participation in an alleged constitutional violation, or implementation of a deficient policy, the individual should be dismissed as a defendant."). Plaintiff does not allege that these Defendants were personally involved in or were even aware of his circumstances on April 26 or 27.

To the extent Plaintiff sues these officials because of their positions of authority, the doctrine of respondeat superior does not apply to suits under Section 1983. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978); *Williams v. Luna*, 909 F.2d 121, 123 (5th Cir. 1990). Supervisory officials, therefore, are not liable under Section 1983 on any vicarious liability theory simply by virtue of their positions. And their receipt of any letters or grievances from Plaintiff about the subject of his complaint would not be sufficient to establish their personal involvement in the alleged violations. *Keys v. United States*, No. 3:17-CV-2940-N-BH, 2020 WL 2753143, at *4 (N.D. Tex. Apr. 20, 2020), *report and recommendation adopted*, No. 3:17-CV-2940-N-BH, 2020 WL 2745604 (N.D. Tex. May 27, 2020) ("Although he claims he submitted grievances to Warden regarding his inadequate dental care and waitlist status, a failure to respond to a letter or grievance does not rise to the required level of personal involvement for liability."); *Murphy v. Andrews*, No. 6:10CV508, 2011 WL 13152301, at *3 (E.D. Tex. Apr. 1, 2011), *report and recommendation adopted*, No. 6:10CV508, 2011 WL 13152302 (E.D. Tex. May 6, 2011) (holding that inmate's claim that "he sent letters and I-60's to the warden's office and that the warden did not take such action as [the plaintiff] deemed appropriate " was "not sufficient to support a claim for Section 1983 liability").

Finally, Plaintiff's demands for relief are legally frivolous. The Prison Litigation Reform Act "prevents prisoners from seeking compensatory damages for violations of federal law where no physical injury is alleged." *Mayfield v. Tex. Dep't of Crim. Justice*, 529 F.3d 599, 605 (5th Cir. 2008); 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."). Plaintiff does not allege that he suffered any physical

injury from the conditions about which he complains, and the Court cannot plausibly infer any such injury from a few hours spent in his underwear or without toilet paper. Accordingly, Plaintiff's demand for compensatory damages for his pain and suffering is legally frivolous and must be dismissed. *See Flores v. TDCJ Transitorial Plan. Dep't S. Region Inst. Div.*, No. 2:14-CV-283, 2015 WL 3727833, at *7 (S.D. Tex. June 15, 2015), *report and recommendation adopted as modified sub nom. Flores v. TDCJ Transitorial Plan. Depart. S. Region Inst. Div.*, No. 2:14-CV-283, 2015 WL 5554630 (S.D. Tex. Sept. 21, 2015) (dismissing claim because "Plaintiff admitted that he did not suffer any illness or harm as a consequence of the mold or bacteria . . . and the mere possibility of contracting an unknown illness does not state an Eighth Amendment claim"); *Holder v. Hebert*, No. CIV.A. 07-1206, 2007 WL 4299996, at *3 (W.D. La. Nov. 8, 2007) (finding that prisoner's claim for damages failed as a matter of law where he his alleged injury from exposure to mold and leaks from the roof and broken pipes did "not rise to the level of constitutional significance").

Plaintiff's only other demand for relief appears to be that someone be criminally prosecuted for violating his rights. But citizens do not have any constitutional right to have another individual disciplined or prosecuted, even when the parties involved are inmates and correctional officers. *Oliver v. Jackson Corr. Ctr.*, No. 3:12-CV-2660, 2013 WL 596155, at *3 (W.D. La. Jan. 22, 2013), *report and recommendation adopted*, No. 3:12-CV-2660, 2013 WL 596153 (W.D. La. Feb. 15, 2013) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973), and *United States v. Batchelder*, 442 U.S. 114, 124 (1979)); *see also Williams v. Washington*, No. 96 C 0704, 1997 WL 201579, at *3 (N.D. Ill. Apr. 16, 1997) ("Williams had no legal right to have the correctional officers punished, or to have an investigation conducted."). Accordingly, any claim premised on the failure

to take some action necessary to facilitate such discipline or prosecution fails to state a claim for a constitutional violation, and this demand for relief is frivolous.

## IV. Conclusion

For the reasons set forth above, Plaintiff's complaint fails to state a claim for which relief can be granted under Section 1983. Traditionally, district courts should permit a pro se plaintiff an opportunity to amend his complaint or claim before dismissing the case. However, giving a plaintiff an opportunity to amend is not necessary if he has pleaded his "best case," such that an amended claim would remain frivolous. *See Norman v. Tex. Court of Criminal Appeals*, 582 F. App'x 430, 431 (Mem) (5th Cir. 2014) (unpublished); *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009).

As this is Plaintiff's eleventh civil rights lawsuit filed in this Court in the past two and a half years,[1] Plaintiff has been repeatedly informed of the applicable pleading standards and the need to plead specific facts to support his claims. *See*, *e.g.*, Order, *Adams v. Lumpkin*, No. 6:22-cv-00021 (E.D. Tex. Jan. 24, 2022) (ordering Plaintiff to file amended complaint to allege specific facts including defendants' personal involvement and any injury sustained); Order, *Adams v. Beusch*, No. 6:21-cv-00334 (E.D. Tex. Aug. 30, 2021) (same). Accordingly, the Court presumes that Plaintiff has asserted his best case for the specific incidents alleged, and his allegations are clear and coherent. Any amendment of the complaint—which is plainly limited to a single instance

---

[1]        *See Adams v. Davis*, No. 6:20-cv-00011; *Adams v. Lumpkin*, No. 6:21-cv-00196; *Adams v. Beusch*, No. 6:21-cv-00334; *Adams v. Garcia*, No. 6:22-cv-00021; *Adams v. Lumpkin*, No. 6:22-cv-00032; *Adams v. Garcia*, No. 6:22-cv-00063; *Adams v. Robinson*, No. 6:22-cv-00078; *Adams v. Robinson*, No. 6:22-cv-00110; *Adams v. Lumpkin*, No. 6:22-cv-00111; *Adams v. Carvajal*, No. 6:22-cv-00165.

of verbal harassment and a few hours of unpleasant conditions—would be futile and would needlessly delay resolution of this action.

RECOMMENDATION

Accordingly, the undersigned recommends that Plaintiff's complaint be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(b).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 10th day of May, 2022.

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE